FEICHTER, Appellant,

v.

OHIO DEPARTMENT OF TRANSPORTATION, Appellee.

[Cite as *Feichter v. Ohio Dept. of Transp.* (1992), 84 Ohio App.3d 355.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–156.

Decided Dec. 17, 1992.

*Michael A. Moses,* for appellant.

*Lee Fisher,* Attorney General, and *Patricia Eshman,* Assistant Attorney General, for appellee.

DESHLER, Judge.

This is an appeal by appellant, Doris J. Feichter, from the judgment of the Franklin County Court of Common Pleas, affirming an order of the State Personnel Board of Review ("board"), which upheld the placement of appellant's job position into a "holding classification."

Appellant is an employee of appellee, Ohio Department of Transportation. The record indicates that in 1990, the Ohio Department of Administrative Services ("DAS") implemented a class modernization of state employees. Prior to class modernization, appellant's position was classified as a data systems coordinator 3 and was assigned classification number 64153. Subsequent to class modernization, appellant's classification was deleted from the state classification plan and

appellant was placed in a holding classification which was assigned classification number 30612.[1]

On May 7, 1990, appellant filed an appeal with the State Personnel Board of Review ("board"), contesting her placement into a holding classification. On January 15, 1991, appellant's appeal was heard before a board hearing examiner.

During the hearing, the parties submitted evidence concerning the job duties performed by appellant and the issue of how these job duties related to the state classification plan. The board hearing examiner examined four class series to determine whether any classification might be more appropriate for appellant's position rather than placement in the holding classification. Appellant also attempted to raise issues regarding the validity of the rule promulgated by DAS authorizing the creation of holding classifications and whether there existed a newly classified position immediately above appellant's former position to which appellant should have been promoted. The hearing examiner ruled that the board lacked jurisdiction to address either the rulemaking process followed by DAS or whether the creation of a new job position might allow appellant to be placed in a higher classification.

The board hearing examiner issued a report and recommendation, dated May 15, 1991, in which the examiner recommended that the board affirm the decision of DAS to place appellant in a holding classification. By order dated June 17, 1991, the board adopted the recommendation of the hearing examiner, thereby affirming appellant's placement into a holding classification.

On July 2, 1991, appellant filed a notice of appeal with the Franklin County Court of Common Pleas from the order of the board. Appellant contended before the trial court that the decision of the board was not in accordance with law on the basis that the administrative rule allowing for placements into holding classifications exceeds the scope of statutory authority vested in DAS under R.C. 124.14.

The trial court rendered its decision on December 19, 1991, affirming the order of the board. More specifically, the trial court found that the only positions to which appellant could be transferred in the class modernization plan would constitute demotions to appellant; thus, the trial court concluded, appellant's transfer to a holding classification was proper under the law and was supported by an analysis of her duties.

---

1. Ohio Adm.Code 123:1–7–16 provides for the allocation of positions of state employees who are exempt from collective bargaining into classifications within a "holding division." Pursuant to that rule, classification number 30612 carries the description of "Holding Class For Exempt Pay Range Twelve."

On appeal, appellant sets forth two assignments of error for review by this court:

"Assignment of Error No. 1

"The trial court erred in affirming the decision of the State Personnel Board of Review in upholding the reclassification of appellant, where appellant's prior classification is deleted as part of a statewide class modernization study without any specific analysis of appellant's specific classification and where appellant is placed indefinitely into a holding classification without the ability to receive promotional or step increases in compensation contrary to O.R.C. 124.14.

"Assignment of Error No. 2.

"The trial court erred in affirming the decision of the State Personnel Board of Review's decision regarding appellant's placement in a holding classification where evidence was excluded by the administrative law judge on the questions of the validity of the administrative rule authorizing the placement of appellant in a holding classification and the failure of the appellee to properly create a new classification for appellant."

 Appellant's two assignments of error are interrelated and will be considered together. The basic thrust of appellant's argument is that the trial court erred in failing to find that the placement of appellant in a holding classification is an unlawful action of DAS and exceeds the scope of statutory authority delegated under R.C. 124.14. Appellant asserts that, as a result of being removed from her class series and placed in a holding classification, she has been deprived of her right to apply for promotions and pay raises to which she was formerly entitled.

The record indicates that during the hearing before the board hearing examiner, appellant attempted to introduce evidence indicating that DAS failed to comply with the requirements of R.C. 124.14 in reclassifying her position. More specifically, at the hearing, appellant sought to introduce three exhibits (appellant's Exhibits Nos. 9, 10 and 11) in support of appellant's contention that DAS failed to submit revised classification specifications concerning her job duties in the holding classification. The board hearing examiner concluded that the board had no jurisdiction over the issue of the rulemaking authority of DAS. The hearing examiner appended the exhibits to the record as a proffer.

As previously noted, the decision of the trial court focused upon the duties involved in appellant's position and whether those duties qualified appellant for a position other than in the holding classification. The trial court concluded that since the only positions to which appellant could be transferred in the class modernization plan would constitute demotions, appellant's "transfer to and maintenance in holding classification is proper under the law * * *." The trial court, however, did not specifically address the issue raised by appellant before

the court concerning whether her placement in a holding classification is contrary to the language of R.C. 124.14.

R.C. 124.14(A) provides that:

"The director of administrative services shall establish, and may modify or repeal, by rule, a job classification plan for all positions, offices, and employments the salaries of which are paid in whole or in part by the state. The director shall group jobs within a classification so that the positions are similar enough in duties and responsibilities to be described by the same title, to have the same pay assigned with equity, and to have the same qualifications for selection applied. The director shall, by rule, assign a classification title to each classification within the classification plan. * * * The director shall describe the duties and responsibilities of the class and establish the qualifications for being employed in that position, and shall file with the secretary of state a copy of specifications for all of the classifications. New, additional, or revised specifications shall be filed with the secretary of state before being used. * * *"

Pursuant to the above statute, the Director of DAS is required to file job specifications which include a description of the duties, responsibilities and qualifications for each classification. Assuming, as contended by appellant, that a proper classification specification was not filed by the Director of DAS regarding appellant's reclassified position under the holding classification, we agree that appellant's reclassification by DAS was not in accordance with law pursuant to R.C. 124.14. The failure to provide classification specifications for positions in the holding class would mean, in effect, that employees under holding status are non-classified until the state determines their new classifications at some future date. Such a result would conflict with the legislative policy for classifying and reclassifying jobs as declared in R.C. 124.14. Further, the placement into such a holding classification would deny an employee promotional opportunities previously available, inasmuch as the employee would be removed from his or her former class series. Thus, while an employee in a holding classification may be entitled to apply for a new position as an original appointment, that employee would no longer be competing with other employees in his or her former class series for actual promotions.

■ While the trial court did not address the evidence proffered during the administrative hearing, appellant contends that it produced at the hearing a copy of the only classification records for classification number 30612, and that these records reflect that no new classification specifications were ever filed for

appellant's reclassified position pursuant to R.C. 124.14.[2] Based upon the record before this court, we find that the trial court erred, as a matter of law, in failing to consider the proffered evidence and to address the issue of whether the placement of appellant in a holding classification was in contravention of R.C. 124.14.

Accordingly, appellant's first and second assignments of error are sustained to the extent provided above and this matter is remanded to the trial court for further proceedings in accordance with law and consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

PETREE, J., concurs.

WHITESIDE, J., concurs in part and dissents in part.

WHITESIDE, Judge, concurring in part and dissenting in part.

Although I concur in the sustaining of the assignments of error, I cannot concur in the remand to the trial court to determine the basic legal issue as to the holding classification being on its face contrary to the mandate of R.C. 124.14.

It is difficult at best to reconcile creation of a holding classification with the requirement of R.C. 124.14 (and R.C. 124.20), that positions be grouped into classifications consisting of positions "similar enough in duties and responsibilities to be described by the same title." Nor is the holding classification consistent with the director's duty under R.C. 124.14(A) to "describe the duties and responsibilities of the class and establish the qualifications for being employed in that position." In other words, R.C. 124.14(A) neither contemplates nor authorizes the creation of a holding classification. Rather, it is the mandatory duty for the director to classify each position into a classification in the ordinary job classification plan. If a particular position does not fit into any of the job classifications created, then it is the duty of the director to create a new classification into which the position can be placed. A holding classification, by its very nature, is inconsistent with the requirements of R.C. 124.14 for a classification plan. In other words, Ohio Adm.Code 123:1–7–16 is inconsistent with R.C. 124.14, insofar as its creates a "holding division."

Although a reversal and remand is appropriate, the remand should be with instructions that the common pleas court reverse the order of the board and remand for further proceedings consistent with the determination that the

---

2. Appellant's Exhibit No. 9, proffered at the administrative hearing, is a certified letter from the office of the Secretary of State. The letter states that "Classification Number 30612 is in a Holding Class for Exempt Pay Range Twelve. This number is not in existence at this time."

position held by appellant cannot properly be placed in a so-called holding classification.